Curia, per Johnson, Chancellor.
The Court concur, generally, in the decree of the Circuit Court. Some of the grounds of appeal seem, however, to deserve further notice: and first, with regard to the consideration of the deed of trust, the basis of the 2d ground of appeal, the evidence with regard to which, I propose to state more in detail. James Ferry, who was examined as a witness, *327 stated that he was employed by Richard H. Tutt, to procure the fund, to which he was entitled, in right of his wife, the defendant, to he remitted to this country, and opened a correspondence with Whishaw & Sons, attor-nie of Gray’s Inn, London, for the purpose of having the stock disposed of to the best advantage. The stock was-sold, and Tutt wasauthorized to draw bills on Lond on, for his wife’s proportion, which he did, and received the money, amounting, as lie thinks, to $7000, or upwards. Whilst this correspondence was going on, and before the bills were drawn, he had frequent conversations with Tutt, in which he always expressed his determination, to-settle this fund on his wife and children. He was anxious that it should be done in England, before he received it, and witness made a suggestion of that sort, in one of his letters to Whishaw & Sons, and wa's under the impression, that a provisional settlement had been made there;; but was afterwards informed, that it had not been done. After Tutt had been authorized to draw on the fund, he remembers a conversation in the presence of his family, in which he expressed great anxiety, that his wife and children should enjoy the benefit. Charles Goodwyn, another witness, stated, that the land and all the other property, mentioned in the deed of trust to Beggs, was paid for with the funds transmitted from England. He heard Tutt say,, that the money should be settled on his wife and children. At the time of the execution of the deed of trust, Tutt was in debt and insolvent, and remained so up to the time of his death. He knows that defendant joined with her husband, in a power of attorney, authorizing some one to ol> tain the fund in England. Now, in all this, there is nothing to shew, thatthe defendant or her friends, entered into any treaty or agreement with her husband, in regard to the dispositions of these funds. The only act which she did, was to join her husband in the power of attorney, and if that was necessary to enable him to get possession of the fund, no condition appears to have been annexed to it; in every thing else, she appears to have been entirely passive. The consideration expressed in the deed, is love and affection, to which a nominal sum of money is added, pro forma7 *328 and I am unable to perceive, how another consideration can be extracted from the circumstances before stated. A wife may contract with her husband, in relation to her rights, over which he has no control. In the Banks vs. Brown, it was held, that the renunciation, by the wife of her inheritance, in a large estate, in consideration that the husband had before made a settlement on her, was sufficient to support the settlement against creditors, altho’ not recorded in the office of Secretary of State. So in Prescott vs. Hubbell, a settlement in consideration of the wife’s renouncing her dower, in lands sold by the husband, was held good against creditors, though not recorded; and so in Price vs. While, Carolina Law Journal, 297; so in Ward vs. Shallet, 2 Ves. Senr. 16, referred to by counsel, a settlement by the husband on the wife, was supported against creditors, on the ground, that the wife, on a conference with her friends, agreed to release her contingent interest in a bond,* which he considered she might do, the transanction being between her and her husband, with the privity of her friends. Here, there is no contract or, agreement between the busband and wife, or with her friends, as to the disposition of these funds; and the fact that Tutt took the conveyance of the lands, and the other property mentioned in the deed, in his own name, and not in trust for his wife, (inferred from the circumstance, that his deed was necessary to raise the trust,) tends to the inference, that it was with him, notwithstanding his professions to the contrary, a measure intended to protect his family from the consequences of his indebtedness and insolvency. The only evidence of notice, referred to in the third ground of appeal, is the recording of the deed, in the office of the Register of Mesne Conveyances; and if notice without recording be sufficient, and recording in that office be notice, so much of the Act as requires marriage settlements to be recorded in the office of Secretary of State, is a nullity— that cannot be. It must, as a marriage settlement, be re *329 corded in both offices, to conclude, creditors. Appeal dismissed.
DAVID JOHNSON.

And Lord Hardiwielte, supported tile transaction, because there was a clear consideration, arising from the wife and her friends, which was the parting with her contingent interest under the bond.